UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BDH, LLC,

        Plaintiff,

v.

        Case No. 21-cv-770-pp

OUTDOOR PRODUCT INNOVATIONS, INC.,
DANIEL REASER, SR., PATRICK MCINTYRE,
MICHAEL COAKLEY, and A CH COAKLEY 7
CO., INC.,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO JOIN ADDITIONAL PARTIES TO COUNTERCLAIM (DKT. NO. 16)**

On October 14, 2021, the defendants filed a motion to join additional parties to their counterclaim. Dkt. No. 16. The motion explained that Patrick McIntyre, Michael Coakley and A C.H. Coakley & Co., Inc. had been named as defendants in two counts of the counterclaim (Dkt. No. 15, filed on October 14, 2021), that those counts alleged that the plaintiff, McIntyre, Coakley and Coakley Inc. had acted in concert and that the entire counterclaim related to the same series of transactions and occurrences. Id. at 3. The plaintiff did not object to the motion. Although the court has delayed in ruling on the motion, the clerk's office already has added McIntyre, Coakley and Coakley, Inc. as defendants, and McIntyre, Coakley and Coakley, Inc. have answered the counterclaim, dkt. no. 27.

1

Rule 13 of the Federal Rules of Civil Procedure permits a party to file a counterclaim. Rule 13(a)(1) states:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>
> > (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> >
> > (B) does not require adding another party over whom the court cannot acquire jurisdiction.

The rule provides for the joinder of additional parties regarding the counterclaim, but states that joinder of those parties is governed by Rules 19 and 20. Fed. R. Civ. P. 13(h). The defendants seek to join McIntyre, Coakley and Coakley, Inc. under Fed. R. Civ. P. 20, which permits joinder of defendants to a counterclaim if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). The common question of law or fact "need not predominate," because permissive joinder requires only that "any" question of law or fact common to all defendants arise. <u>Lee v. Cook Cty., Ill</u>, 635 F.3d 969, 971 (7th Cir. 2011).

The counterclaim alleges that the plaintiff, McIntyre, Coakley and Coakley, Inc. are jointly and severally liable for civil thefts under Wis. Stats. §§895.446 and 943.20. Dkt. No. 15 at ¶¶104-117. It asserts allege that the plaintiff, McIntyre, Coakley and Coakley, Inc. devised a scheme to "pawn off"

2

the plaintiff's assets to defendant Outdoor Product Innovations, Inc. Id. at ¶37. The counterclaim includes four separate claims: two against the three proposed counter-defendants and the plaintiff; one against the plaintiff; and one against Coakley, Inc. Id. at ¶¶104-136. The defendants allege that, acting through McIntyre, the counter-defendants and the plaintiff "made numerous false representations to OPI in order to deceive and defraud OPI into paying money to them . . .." Id. at ¶105.

The court agrees that joinder is proper, because the counterclaim demonstrates that the allegations against McIntyre, Coakley and Coakley, Inc. arise out of the same transactions or occurrences as the claims it asserts against the plaintiff.

The court is aware that the plaintiff and the counter-claim defendants have filed a motion for judgment on the pleadings. Dkt. No. 28. The court will address that motion in a separate order.

The court **GRANTS** the defendants' motion to join additional parties to the counterclaim. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 24th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
