UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BDH, LLC,

        Plaintiff,

  v.

        Case No. 21-cv-770-pp

DBR FINANCE, INC.
(*f/k/a Outdoor Product Innovations, Inc.*)
and DANIEL REASER, SR.,

        Defendants,

  v.

PATRICK MCINTYRE, MICHAEL COAKLEY
and A CH COAKLEY & CO., INC.,

        Counterclaim Defendants.

**ORDER GRANTING DEFENDANTS' RENEWED MOTION TO RESTRICT DOCUMENTS FROM PUBLIC VIEW (DKT. NO. 131), GRANTING DEFENDANTS' MOTION TO REDACT TRANSCRIPT (DKT. NO. 135), GRANTING PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTON TO RESTRICT DOCUMENTS FROM PUBLIC VIEW (DKT. NO. 159), GRANTING IN PART DEFENDANTS' MOTION TO RESTRICT FROM PUBLIC VIEW (DKT. NO. 172) AND REQUESTING THAT CLERK'S OFFICE LIFT RESTRICTIONS ON CERTAIN DOCUMENTS**

On June 27, 2024, the court ruled on fifteen pending motions. Dkt. No. 128. In less than nine months, the parties' filings have resulted in an additional fifty-three docket entries. This order addresses the parties' motions to restrict and redact, dkt. nos. 131, 135, 159, 172, and lifts the restrictions on documents for which no supporting materials were filed.

1

1. **Legal Standard**

General Local Rule 79(d)(2) (E.D. Wis.) requires that a party publicly file a motion to seal or restrict and attach a version of the document the party wants sealed, redacting those portions of the document that are subject to the request. Rule 79(d)(3) requires that any motion to restrict access or seal be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. If the movant is not the party who designated the material confidential, the movant may "explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials." Id. In response, the person who designated the documents as confidential may provide sufficient facts demonstrating good cause to continue sealing the documents. Id. If neither party provides "a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials," the court "must" deny the motion. Id. Section (d)(4) requires the movant to include in its motion "a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion." Id.

Whether the party asks to seal or restrict makes a difference in terms of who can access the documents. Only the court has access to a sealed document; the parties do not. In contrast, a party asking a court to restrict

documents may ask that the documents be restricted to viewing by the court and the case participants, but not the public.

General L.R. 79 exists because the Seventh Circuit requires good cause before a court may seal or restrict a document. "Documents that affect the disposition of federal litigation are presumptively open to public view. The reason for this right of public access to the judicial record enables interested members of the public . . . to know who's using the courts, to understand judicial decisions and to monitor the judiciary's performance of its duties." Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013) (citations omitted). A party may override the public's interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Roumann Consulting Inc. v. T.V. John & Son, Inc., Case No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). The fact that parties agree that a document should be sealed or restricted does not override the public's interest. See United States v. Sanford-Brown, Ltd., 788 F.3d 696, 713 (7th Cir. 2015) (vacated on other grounds, United States *ex rel.* Nelson v. Sanford-Brown, Ltd., 136 S. Ct. 2506 (2016)).

## II. Defendants' Renewed Motions to Restrict Documents from Public View (Dkt. No. 131)

The court previously denied without prejudice the defendants' motions to restrict certain documents, stating that the parties cannot simply agree to seal or restrict a document, that the defendants had not shown good cause as to why the full transcript or agreement needed to be sealed and that the reasons the defendants had cited did not override the public's interest. Dkt. No. 129 at

3

74-84. The defendants since have renewed their motion as to certain documents and provided redacted versions that may be made available to the public.

With respect to Dkt. Nos. 99-12 and 114-1, the defendants have filed a redacted version of the deposition transcript of E. Roger Stewart. Dkt. No. 130-1. Although previously the parties had marked the entire transcript "attorney eyes only," they had not explained to the court why the entire transcript needed to be restricted from public view. They since have redacted the portions of the transcript discussing the asset purchase agreement between defendant OPI and a third party—FeraDyne Outdoors, LLC—asserting that the agreement contains a confidentiality provision that obligates the parties to maintain its confidentiality. Dkt. No. 131 at ¶11. The court will grant the motion with respect to Dkt. Nos. 99-12 and 114-1, and these two documents will remain restricted to viewing by the court and the case participants only.

The defendants also ask the court to maintain the restriction on Dkt. No. 119-1 because certain proposed facts contain excerpts and discussion of the asset purchase agreement (¶¶6, 7, 64, 65, 72, 73, 74, 76). Dkt. No. 131 at ¶14. To address the court's concerns about public access to the record, the defendants have filed a redacted version of the document at 130-2. The court has reviewed each of the proposed excerpts and confirmed they refer to the asset purchase agreement; the court will grant the motion with respect to Dkt. No. 119-1.

4

As for the transcript of the Daniel Reaser deposition at Dkt. No. 114-14, the parties have filed an updated version of the transcript at Dkt. No. 130-3, redacting all references to the asset purchase agreement. Dkt. No. 131 at ¶25. In addition, the redacted version omits references to a settlement agreement between Jest Textiles, Inc. and OPI because of that agreement's confidentiality requirements. Id. at ¶25. The court is satisfied with the redactions and the reasons given for restriction and will grant the motion as to Dkt. No. 114-14.

The defendants next ask the court to restrict Dkt. No. 115-1 from public view and have filed a redacted version of that document at Dkt. No. 130-4. Like the documents mentioned above, the plaintiff's opposition to defendant's proposed facts contained a reference to the asset purchase agreement in the response to paragraph 29. Because the redacted document makes all but the one sentence available for public view, the court will maintain the restricted status of Dkt. No. 115-1.

When the plaintiff filed additional facts in response to the defendants' first motion for partial summary judgment, the parties requested that Dkt. No. 115-2 be restricted from public view; the defendants renew that request. Dkt. No. 131 at ¶37. The defendants have filed Dkt. No. 130-5, which is a redacted version of that document that omits the references to the asset purchase agreement in paragraphs 6, 7, 64, 65, 72-74, and 76. Id. at ¶38. Consistent with its prior rulings, the court will continue to restrict Dkt. No. 115-2.

Finally, the defendants asked the court to restrict several WeChat messages at Dkt. No. 114-19 between Daniel Reaser Sr. and "Money" because

5

of their confidential designation. Dkt. No. 131 at ¶¶41, 42. They now have filed a redacted version of the messages omitting the discussions referencing the litigation with Jest Textiles. Dkt. No. 130-6. Although the court understands why the defendants would not want the messages made public, the messages do not appear to reveal the terms of any agreement. On the other hand, the defendants' attorney represents that the messages were produced subject to the confidential terms of the Jest Textiles settlement agreement. Id. at ¶45. That agreement appears in the record at Dkt. No. 114-3, and the confidentiality provisions appear at ¶9. The court will grant the defendants' request to continue the restrictions as to Dkt. No. 114-19.

### III. Defendants' Motion to Redact Transcript (Dkt. No. 135)

The court will grant the defendants' motion to redact the following lines from the June 27, 2024 hearing transcript at Dkt. No. 129 because they reference the FeraDyne asset purchase agreement and therefore are subject to the agreement's confidentiality provision: 47:17-25 (page 47, lines 17-25); 48:1-8; 49:1-8, 11-24; 50:8-25; 51:1-18, 20-25; 52:1-15, 17-25; 53:1-25; 54:13-25; 55:1-6; 57:20-25; 58:1-10. Dkt. No. 135 at ¶6. The defendants must make the redactions and file the redacted version with the court.

### IV. Plaintiff and Counterclaim Defendants' Motion to Restrict Documents from Public View (Dkt. No. 159)

In connection with briefing the plaintiff/counterclaim defendants' motion for partial summary judgment, the plaintiff/counterclaim defendants ask the court to restrict dkt. nos. 148-7, 148-18, 148-25, 151-1, 151-2, 151-17, 151-3, 151-4, 151-5, 151-20, 151-24, 151-28, 151-25, 155-5, 155-6, 155-7, 155-8,

6

155-13, 155-15, 155-17, 155-18, 155-20, 155-23, 155-28, 155-32 and 155-33. Dkt. No. 159. The court has reviewed the reasons given and reviewed the documents, and finds that the need to restrict these documents outweighs the public interest in disclosure. The reasons cited include the facts that they contain sensitive financial information, confidentiality terms in settlements, invoices with policy numbers and client information, tax return information, proprietary business information and the plaintiff's inventory, pricing and valuation summary. The court will grant the motion as to each of the documents requested.

**V.  Defendants' Motion to Restrict Documents from Public View (Dkt. No. 172)**

Finally, the defendants ask the court to restrict docket numbers: 166-2; 166-4; 166-5; 166-6; 166-7; 166-8; 166-10; 166-13; 166-17; 166-39; 166-42; 166-43; 166-59; 166-67 and 168-1. Dkt. No. 172 at ¶¶1-15.

The defendants admit that Dkt. Nos. 166-2, 166-39 and 166-42, are being filed as restricted because they were produced in discovery with a confidentiality designation; they take no position on whether those documents should remain restricted. The plaintiff has not responded as required under General L.R. 79(d)(3) ("In response, the person or party that originally designated the documents or materials as confidential may, if it chooses, provide sufficient facts demonstrating good cause to continue sealing the documents or materials."). Dkt. No. 166-2 is copies of text messages between Mr. McIntyre and Mr. Coakley. Dkt. Nos. 166-39 and 166-42 reference business and financial information. No one has argued that these documents

7

are confidential and the court does not know whether the information in them was confidential. Where no factual basis is provided by the parties to demonstrate good cause, the court must deny the motion. General L.R. 79(d)(3). Dkt. Nos. 166-2, 166-39 and 166-42 will be made available to the public.

The remaining requests include documents that contain financial information and personal identifying information, such as account numbers birth dates and Social Security numbers. Dkt. No. 172 at ¶¶2-9, 12-15. In addition, both redacted and unredacted versions of Dkt. No. 168-1 have been filed. The unredacted version contains quotations from and discussion of the FeraDyne asset purchase agreement, which has been restricted. The court will grant the motion as to 166-4; 166-5; 166-6; 166-7; 166-8; 166-10; 166-13; 166-17; 166-43; 166-59; 166-67 and 168-1.

## VI.  Other Matters

When the court ruled on the prior motions to restrict, it informed the parties that the clerk's office would make the documents available to the public if the parties did not file a renewed motion to restrict by July 18, 2024. Dkt. No. 128 at 4-7. Based on the court's review of the docket, it appears that the clerk should lift the restrictions as to the following: Dkt. Nos. 62-12; 62-13; 72-6; 99-10; 99-11; 114-2; 114-3 and 114-29.

**VII. Conclusion**

The court **GRANTS** the defendants' renewed motion to restrict documents from public view. Dkt. No. 131. The court **ORDERS** that Dkt. Nos. 99-12; 114-1; 114-14; 114-19; 115-1; 115-2 and 119-1 will remain restricted.

The court **GRANTS** the defendants' motion to redact transcript. Dkt. No. 135. The court **ORDERS** that transcript at Dkt. No. 129 will remain restricted. The court **ORDERS** the defendants to file a redacted version of the transcript by the end of the day on **April 15, 2025** redacting the following lines: 47:17-25; 48:1-8; 49:1-8, 11-24; 50:8-25; 51:1-18, 20-25; 52:1-15, 17-25; 53:1-25; 54:13-25; 55:1-6; 57:20-25; 58:1-10.

The court **GRANTS** plaintiff and counterclaim defendants' motion to restrict documents from public view. Dkt. No. 159. The court **ORDERS** that Dkt. Nos. 148-7; 148-18; 148-25; 151-1; 151-2; 151-17; 151-3; 151-4; 151-5; 151-20; 151-24; 151-28; 151-25; 155-5; 155-6; 155-7; 155-8; 155-13; 155-15; 155-17; 155-18; 155-20; 155-23; 155-28; 155-32 and 155-33 will remain restricted.

The court **GRANTS IN PART** the defendants' motion to restrict from public view. Dkt. No. 172. The court **ORDERS** that Dkt. Nos. 166-4; 166-5; 166-6; 166-7; 166-8; 166-10; 166-13; 166-17; 166-43; 166-59; 166-67 and 168-1 will remain restricted. The court **ORDERS** the clerk to lift the restrictions and make the following documents available for public view: Dkt. Nos. 166-2; 166-39 and 166-42.

The court **ORDERS** the clerk to lift the restrictions and make the following documents available for public view: Dkt. Nos. 62-12; 62-13; 72-6; 99-10; 99-11; 114-2; 114-3 and 114-29.

Dated in Milwaukee, Wisconsin this 25th day of March, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**